IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| AGRIFINA CORPUZ QUIANE,<br><br>Plaintiff,<br><br>v.<br><br>WEST PHYSICIANS ASSOCIATES, LLC, *et al.*,<br><br>Defendants. | Case No. 25-cv-00490-DKW-KJM<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE DEFENDANTS' MOTION TO DISMISS; (2) DENYING PLAINTIFF'S MOTIONS FOR TEMPORARY RESTRAINING ORDER; (3) DENYING PLAINTIFF'S MOTIONS TO COMPEL ARBITRATION; AND (4) DISMISSING CASE WITHOUT LEAVE TO AMEND** |

In an unconcealed effort to enjoin at least two legal proceedings in State court after receiving rulings with which she evidently did not agree, Plaintiff Agrifina Quiane asserts various claims against Defendants West Physicians Associates, LLC (WPA) and its members, alleging legal errors on the part of multiple State judges and seeking relief from the "final judgment" of those courts.

Defendants move to dismiss this lawsuit, arguing that the Court lacks subject matter jurisdiction for numerous reasons, including the *Rooker-Feldman* doctrine.[1]

Upon review of the parties' briefing and the record generally, and as more fully set forth herein, the Court agrees with Defendants that the *Rooker-Feldman* doctrine applies and this case must be dismissed in its entirety due to a lack of subject matter jurisdiction.  The Court also agrees that Quiane has failed to allege federal question jurisdiction in this case.  Further, dismissal is without leave to amend because Quiane's transparency regarding the relief she seeks and the alleged errors made by the various state courts makes plain that amendment would be futile.

In the motion to dismiss, Defendants also seek attorney's fees and costs incurred during this case.  Local Rule 54.2 prescribes a specific procedure for when and how a party seeks attorney's fees and/or nontaxable costs.  Because Defendants must follow that procedure, and do not appear to have done so to-date, their request for fees and costs is DENIED WITHOUT PREJUDICE, in part because it is premature.

---

[1] *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

For these reasons, as more fully explained below, the motion to dismiss, Dkt. No. 39, is GRANTED IN PART and DENIED IN PART WITHOUT PREJUDICE. Quiane's motions for temporary restraining order and motions to compel arbitration, Dkt. Nos. 2, 11-12, 56, are DENIED for lack of subject matter jurisdiction.

## BACKGROUND

On November 20, 2025, Quiane initiated this action with the filing of a Complaint against WPA and a motion for temporary restraining order ("first TRO motion"), seeking, among other things, a "stay" of all State court actions between Quiane and WPA. Dkt. No.1 at 6; Dkt. No. 2 at 5.[2] A day later, on November 21, the Court advised that no action would be taken on the first TRO motion until proof of service of, or an appearance from, WPA was docketed. Dkt. No. 10. On the same day, Quiane filed a motion to compel WPA to arbitrate disputes between the two that were allegedly litigated in State court ("first motion to compel"). Dkt. No. 11. On November 25, 2025, Quiane filed a second motion for temporary restraining order ("second TRO motion"), Dkt. No. 12, seeking, among other things, to enjoin WPA from enforcing any order or judgment of the State courts of

---

[2]In citing the first TRO motion, the Court uses the page numbers assigned in the top-right corner of the same, *e.g.*, "Page 5 of 13".

Hawaiʻi. Dkt. No. 12. The Court denied the second TRO motion to the extent it sought relief without notice to WPA, again advising that no action would be taken until either service on or an appearance from WPA was docketed. Dkt. No. 14.

A few weeks later, on December 11, 2025, Quiane filed a First Amended Complaint (FAC) against WPA, Antonio Cordero, Ray Romero, Alfred Ines, Benjamin Gozun, and Marcus Realty (collectively, Defendants). Dkt. No. 26.[3] The FAC alleges as follows: Quiane is a licensed physician and co-founder of WPA, which operates a medical practice on the Island of Oʻahu, Hawaiʻi. *Id*. at 5.[4] Quiane is also a party to a "WPA Operating Agreement", which includes an arbitration clause providing, in part, that "[a]ny controversy arising out of or relating to the operations of the Company or the conduct of its Members shall be resolved by binding arbitration." *Id*. (quotation marks omitted). Around April 2024, Quiane received notice of an "internal dispute" with WPA "warranting [her] expulsion" from the practice. At some unalleged time, this "dispute" resulted in WPA filing a "lawsuit" in State court. *Id*. In April 2025, Quiane "invoked" the

---

[3]The Court notes that, although Cordero, Romero, Ines, and Gozun are listed in the caption of the FAC, Dkt. No. 26 at 1, they are not named in the "Parties" section therein, *see id*. at 4-5. Because the parties appear to do so, however, the Court liberally construes the FAC and presumes Quiane's intent to name the above individuals as Defendants in this case.
[4]Because the paragraphs of the FAC are not consecutively numbered, the Court cites to the relevant page numbers of the same.

arbitration clause of the WPA Operating Agreement.  *Id*.; Dkt. No. 43 at 3.[5]  In April and June 2025, Quiane filed " a responsive pleading" in State court "asserting arbitration as a jurisdictional bar…."  Dkt. No. 26 at 5-6; Dkt. No. 43 at 3.  The State court, however, "refused to stay the proceedings or enforce the arbitration clause" and allegedly provided "no findings of fact or legal reasoning for denying arbitration."  Dkt. No. 26 at 6.  Between July and August 2025, Quiane filed further "motions seeking to stay proceedings" in State court and to compel arbitration.  *Id*.; Dkt. No. 43 at 3.  The State court denied these requests in August 2025, again allegedly "without addressing arbitrability or issuing findings…."  Dkt. No. 26 at 6; Dkt. No. 43 at 3.  Quiane continued to file motions to "compel arbitration" and "stay proceedings" before state judges, which were "denied or disregarded by the trial court…."  Dkt. No. 26 at 6.  The State court then "proceeded to enter judgment on the merits without determining arbitrability…."  *Id*.  In or about September 2025, the State court also "entered judgment expelling [Quiane from WPA] and ordering a writ of possession."  *Id*. at 7; Dkt. No. 43 at 4.  Quiane appealed, but WPA "execute[d] the judgment,

---

[5]In the FAC, it is alleged that this invocation took place in May 202<u>4</u>.  Dkt. No. 26 at 5.  However, in a subsequently filed motion to "correct the record", Quiane "clarif[ied]" that she invoked the arbitration clause in April 202<u>5</u>, Dkt. No. 43 at 3.  The Court, therefore, accepts Quiane's "clarif[ication]" of her allegations and GRANTS her clarification motion, Dkt. No. 43, to that limited extent.  In all other respects, the motion is DENIED.

5

resulting in an eviction and denial of access to protected health records….." Dkt. No. 26 at 7.  In addition, the State trial and appellate courts "failed in their obligations to uphold constitutional, statutory, and contractual trust duties." *Id*. at 9.

The following claims are raised and relief sought in the FAC.  First, to compel arbitration under the WPA Operating Agreement and the Federal Arbitration Act (FAA).  *Id*. at 11.  Second, declaratory relief under the Declaratory Judgment Act (DJA) with respect to the enforceability of the WPA Operating Agreement's arbitration clause and whether "WPA may continue to pursue judicial remedies on [the parties'] disputes instead of arbitrating." *Id*. at 12.  Third, injunctive relief under the FAA "[s]taying" WPA's claims in State court and enjoining WPA from enforcing any judgment of the State court. *Id*. at 15.  Fourth, damages for Defendants' "[a]buse of process" under State law. *Id*. at 15-16.  Fifth, various forms of relief for Defendants' "wrongful eviction" of Quiane under State law.  *Id*. at 17.  Finally, Defendants' "breach" of the WPA Operating Agreement under the FAA and State law for failing to arbitrate the "subject matter of the state court dispute…." *Id*. at 20.

On December 17, 2025, after docketing purported executed summonses on Defendants, *see* Dkt. Nos. 33-38, WPA, Cordero, Ines, Gozun, and Romero

6

(collectively, the Moving Defendants) filed a motion to dismiss the FAC. Dkt. No. 39. Defendants' motion asserts the following: First, the FAC should be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction on various grounds, including the *Rooker-Feldman* doctrine and the absence of a federal question under the FAA and the DJA. Second, the FAC should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Third, the FAC should be dismissed as to Cordero, Ines, Gozun, and Romero for insufficient service of process and failure to state a claim. Fourth, the Court should decline to exercise supplemental jurisdiction over any State law claims. Finally, the Court should award the Moving Defendants attorney's fees and costs pursuant to 28 U.S.C. Section 1927 and/or its "inherent authority". The Moving Defendants also filed a single opposition to the first TRO motion and the second TRO motion. Dkt. No. 42.[6]

On December 31, 2025, Quiane filed an opposition to the motion to dismiss. Dkt. No. 47. She first argues that subject matter jurisdiction exists under federal law, specifically, the FAA and the "Supremacy Clause" of the U.S. Constitution.

---

[6]On December 31, 2025, Quiane moved to strike this opposition on the ground that the Moving Defendants' counsel had not "filed a proper entry of appearance" in this action. Dkt. No. 45 at 1. Contrary to Quiane's belief, however, there is no single way for counsel to appear in an action. Here, doing so by filing a motion to dismiss is one such common way. Therefore, particularly where Quiane makes no credible allegation that counsel does not, in fact, represent the Moving Defendants, the motion to strike, Dkt. No. 45, is DENIED.

*Id.* at 2-3. Quiane next argues that the *Rooker-Feldman* doctrine does not apply here because she "does not seek review or reversal of any final state-court judgment." *Id.* at 3. Third, Quiane argues that, while she "does not argue that the FAA alone creates federal jurisdiction[,]" she "seeks enforcement of substantive federal rights created by the FAA once jurisdiction exists." *Id.* at 4. She makes a similar argument with respect to the DJA. *Id.*

The Moving Defendants have filed a reply in support of the motion to dismiss. Dkt. No. 49.[7]

The docket, though, does not reflect any opposition to the first motion to compel or any reply filed in support of the first TRO motion or the second TRO motion.

On January 15, 2026, Quiane filed another motion to compel arbitration ("second motion to compel"), again citing the FAA as the basis for the same. Dkt. No. 56. Because this second motion to compel adds nothing further to this case in

---

[7] Quiane has also filed a "reply" in "opposition" to the Moving Defendants' reply. Dkt. No. 55. Local Rule 7.2, however, specifically provides that, beyond an opposition and the moving party's reply, "no further or supplemental briefing", such as Quiane's "reply", "shall be submitted without leave of court." Because Quiane has not sought leave of Court, the Clerk is instructed to STRIKE Dkt. No. 55, which has not been considered for any purpose.

terms of argument or authority, the Court elects not to require further briefing on the same.

With briefing complete, this Order now follows.

## **CERTAIN RELEVANT LEGAL STANDARDS**

The Moving Defendants seek dismissal of this case, in part, under Federal Rule of Civil Procedure 12(b)(1), arguing that subject matter jurisdiction is lacking for various reasons. One such argument relies upon *Rooker-Feldman*. "The *Rooker-Feldman* doctrine recognizes that federal district courts generally lack subject matter jurisdiction to review state court judgments." *Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002) (citing *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)).

The Moving Defendants also argue that jurisdiction is lacking under the FAA. In that regard, the Ninth Circuit Court of Appeals has explained that "the FAA does not, on its own, provide a basis for federal question jurisdiction." *Blue Cross of Cal. v. Anesthesia Care Assocs. Med. Group, Inc.*, 187 F.3d 1045, 1050 (9th Cir. 1999). Instead, the FAA "provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute; hence, there must be diversity of citizenship or some other

9

independent basis for federal jurisdiction before the order can issue." *Id*. (quotation marks omitted).

Similarly, "the Declaratory Judgment Act does not by itself confer federal subject-matter jurisdiction," meaning that a plaintiff must "plead an independent basis for federal jurisdiction." *Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1161 (9th Cir. 2005).

When presented with an argument under Rule 12(b)(1), "the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). Where the court considers evidence outside the pleadings for this purpose, "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id*. The burden of establishing subject matter jurisdiction falls on the plaintiff -- here, Quiane. *Ashoff v. City of Ukiah*, 130 F.3d 409, 410 (9th Cir. 1997).

At the same time, Quiane moves for a temporary restraining order and/or injunctive relief under Federal Rule of Civil Procedure 65. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).[8]

Because Quiane is proceeding pro se, the Court liberally construes her filings. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). With that in mind, "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). A court, however, may deny leave to amend where, *inter alia*, amendment would be futile. *E.g.*, *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## DISCUSSION

Because the Moving Defendants challenge Quiane's claims, in part, due to a purported lack of subject matter jurisdiction, the Court begins on that subject. *See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-431 (2007) (explaining that a "federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in

---

[8]The standards for a temporary restraining order and a preliminary injunction are substantially the same. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001), *overruled on other grounds by Winter*, 555 U.S. at 20.

11

suit….").  As discussed more fully below, the Court also ends on that subject because subject matter jurisdiction is lacking on numerous grounds and amendment, in light of the record in this case, would not produce a different result.

The Court starts with the *Rooker-Feldman* doctrine.  "Essentially, the doctrine bars state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced from asking district courts to review and reject those judgments."  *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007) (quotation omitted).  The Ninth Circuit Court of Appeals has recently explained that *Rooker-Feldman* applies "when the federal plaintiff both asserts as her injury legal error or errors by the state court *and* seeks as her remedy relief from the state court judgment."  *Miroth v. Cty. of Trinity*, 136 F.4 1141, 1149 (9th Cir. 2025) (quotation marks omitted, emphasis in original) (further clarifying that "a prior state court judgment and a federal plaintiff seeking to relitigate a matter already litigated in state court [are] not circumstances sufficient to invoke *Rooker-Feldman*….").

Here, *both* requirements for application of the *Rooker-Feldman* doctrine clearly appear on the face of the FAC.  First, the FAC alleges numerous legal errors on the part of multiple State courts when denying Quiane's various attempts to enforce the arbitration clause of the WPA Operating Agreement.  Dkt. No. 26 at

12

7, 9-10 (listing alleged "fail[ures]" and "refusal[s]" of the State courts).  Second, the FAC, as well as Quiane's other relevant filings, repeatedly seek relief from the "judgment" of the State trial court by requesting a "stay[]" of the State court litigation and judgment and/or an injunction against the Moving Defendants enforcing the same.  *Id*. at 15, 21-22; Dkt. No. 2 at 4-5; Dkt. No. 12 at 4.

In opposing the motion to dismiss, Quiane's sole contention is that she is not seeking "review or reversal of any final state-court judgment."  Dkt. No. 47 at 3-4.  As just discussed, this is patently not accurate—the FAC and Quiane's multiple motions for injunctive relief clearly seek *relief* from a State court judgment.  Quiane, in other words, asks for the same to be stayed, together with an order compelling Defendants to participate in the same arbitration that she was denied by the State court.  *See, e.g.*, Dkt. No. 26 at 21-22.

*Rooker-Feldman*, therefore, applies. "Once a federal plaintiff seeks to bring a forbidden de facto appeal, as in *Feldman*, that federal plaintiff may not seek to litigate an issue that is 'inextricably intertwined' with the state court judicial decision from which the forbidden de facto appeal is brought."  *Miroth*, 136 F.4th at 1147 (quoting *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003)).  That is precisely what Quiane seeks to do here, with all of her claims premised upon this Court reaching a result contrary to the State trial court and compelling arbitration.

13

Therefore, to the extent any of the claims in the FAC are not de facto appeals of the State court judgment, they are "inextricably intertwined" with the State court's judicial decisions and also barred under the *Rooker-Feldman* doctrine. The motion to dismiss is, therefore, GRANTED on this basis.

Independent of *Rooker-Feldman*, Quiane's claims are also barred because the FAC fails to allege federal question jurisdiction.[9] The sole bases for federal question jurisdiction alleged in the FAC are the FAA and the DJA. Dkt. No. 26 at 3-4. As explained earlier, however, *neither* statute provides an *independent* basis for federal question jurisdiction. *Blue Cross of Cal.*, 187 F.3d at 1050; *Nationwide Mut. Ins.*, 408 F.3d at 1161. Perhaps because of this clear precedent, Quiane's opposition concedes the same, acknowledging that neither the FAA nor the DJA "independently create jurisdiction". Dkt. No. 47 at 4; *id*. at 3 (stating that "Plaintiff does not argue that the FAA alone creates federal jurisdiction."). Instead, Quiane contends that (i) she "seeks enforcement of substantive federal

---

[9]A federal district court possesses subject matter jurisdiction over federal questions–those involving a claim under the Constitution or laws of the United States–and over diversity actions–those between parties of diverse citizenship and exceeding $75,000 in controversy. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). Here, the Court focuses solely upon federal question jurisdiction because Quiane has never alleged or argued that diversity jurisdiction exists. This is for good reason, given that the FAC alleges that Quiane and WPA are citizens of Hawaiʻi and does not allege the citizenship of any other Defendant. *See* Dkt. No. 26 at 4; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (explaining that diversity jurisdiction exists only "where the citizenship of each plaintiff is different from that of each defendant.").

14

rights created by the FAA once jurisdiction exists[]" and (ii) the DJA "authorizes declaratory relief once jurisdiction exists." *Id*. at 4. Apart from being disastrously circular, it proves the very points she is attempting to refute -- that neither statute creates jurisdiction alone and that it is her obligation to establish the existence of jurisdiction, which she has failed to do for the reasons discussed.[10] As a result, with no valid basis for federal question jurisdiction alleged in the FAC, Quiane has failed to establish subject matter jurisdiction, and the motion to dismiss is GRANTED for this reason as well.

Moreover, because Quiane has failed to establish subject matter jurisdiction, her motions for injunctive relief, Dkt. Nos. 2, 12, and motions to compel arbitration, Dkt. Nos. 11, 56, are DENIED. *See Zepeda v. U.S. Immigration & Naturalization Serv.*, 753 F.2d 719, 727 (9th Cir. 1983) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim…."); *Wielgos v. Idaho Bd. of Land Comm'rs*, 2016 WL 3640609, at *3 (D. Idaho June 29, 2016) ("Clearly, a district court may not grant a

---

[10]In her opposition to the motion to dismiss, Quiane, for the first time, also contends that the "Supremacy Clause" of the U.S. Constitution creates federal question jurisdiction here. Dkt. No. 47 at 2-3. However, no such claim or authority is relied upon or even mentioned in the FAC. In addition, other than simply stating the words "Supremacy Clause", Quiane provides no explanation for how or why the same provides jurisdiction in this case. *See id*. Therefore, the Court rejects the suggestion that the "Supremacy Clause" creates jurisdiction here.

15

preliminary injunction if it lacks subject matter jurisdiction over the case before it."); *Blue Cross of Cal.*, 187 F.3d at 1050; *Nationwide Mut. Ins.*, 408 F.3d at 1161.

The next question is whether Quiane is entitled to leave to amend the FAC. The Court finds that leave to amend is not warranted, given the record of this case. Notably, Quiane has had several opportunities, including through voluntarily filing an amended complaint, to allege or provide a basis for subject matter jurisdiction. She is also clearly aware of the need and requirements to allege the same, given that she has repeatedly addressed the issue in her pleadings and other filings. The basic problem, however, is that Quiane has not and, based upon the Court's review, cannot do so—something that leave to amend will not change. Instead, this is a case that allegedly involves two federal statutes that Quiane concedes do not create jurisdiction, State court decisions that she is attempting to reverse and/or appeal, and non-diverse parties. This federal forum is, therefore, not an appropriate one for Quiane's allegations and claims. As a result, dismissal is without leave to amend. Because dismissal is for a lack of subject matter jurisdiction, it is without prejudice. *Tijerino v. Stetson Desert Project, LLC*, 934 F.3d 968, 971 n.2 (9th Cir.

2019) ("in general, dismissal for lack of subject matter jurisdiction should be without prejudice.").[11]

The final matter is the Moving Defendants' request for attorney's fees and costs. Dkt. No. 39-1 at 23-25. The Moving Defendants do so, citing a federal statute, a local rule,[12] and this Court's purported "inherent authority." *Id*. at 25. Because it is premature, the Moving Defendants' request for attorney's fees and costs is DENIED WITHOUT PREJUDICE. Local Rule 54.2 prescribes in detail a specific procedure for when and how a party may move for attorney's fees and/or non-taxable costs. The Moving Defendants' instant request, however, makes no mention of, let alone complies with, this local rule. Therefore, to the extent the Moving Defendants wish to move for attorney's fees or non-taxable costs in this matter, they must do so in compliance with Local Rule 54.2.

---

[11]Although Defendant Marcus Realty has not moved for dismissal or appeared in this action, because Quiane has failed to establish subject matter jurisdiction over any of her claims, dismissal is with respect to all Defendants. *See Arbaugh*, 546 U.S. at 514 (explaining that subject matter jurisdiction "involves a court's power to hear a case" and a court has an independent obligation to determine whether such jurisdiction exists) (quotation and citation omitted).

[12]The local rule cited by the Moving Defendants – LR7.1– has nothing to do with the award of attorney's fees or costs. Local Rule 7.1 largely concerns scheduling motions for hearing. The appropriate local rule for requesting attorney's fees or non-taxable costs is LR54.2.

17

## CONCLUSION

For the foregoing reasons, Quiane has failed to carry her burden of establishing subject matter jurisdiction in this case. Thus, the motion to dismiss, Dkt. No. 39, is GRANTED IN PART, her motions for a temporary restraining order, Dkt. No. 2, 12, are DENIED, and her motions to compel arbitration, Dkt. Nos. 11, 56, are DENIED as well. The Moving Defendants' request to set a hearing on Quiane's motions to compel arbitration, Dkt. No. 61, is DENIED AS MOOT. This action is DISMISSED WITHOUT PREJUDICE and WITHOUT LEAVE TO AMEND.

The motion to dismiss, Dkt. No. 39, is DENIED WITHOUT PREJUDICE as to attorney's fees and costs.

The motion to "correct the record", Dkt. No. 43, is GRANTED IN PART and DENIED IN PART, and the motion to "strike", Dkt. No. 45, is DENIED, both as explained above.

The Clerk is instructed to STRIKE Dkt. No. 55 for the reason stated at p. 8 fn 7.

After entry of this Order, the Clerk is instructed to enter Judgment for the Moving Defendants.

IT IS SO ORDERED.

DATED: January 26, 2026 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

---

*Agrifina Corpuz Quiane v. West Physicians Associates, LLC, et al*; Civil No. 25-00490 DKW-KJM; **ORDER (1) GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE DEFENDANTS' MOTION TO DISMISS; (2) DENYING PLAINTIFF'S MOTIONS FOR TEMPORARY RESTRAINING ORDER; (3) DENYING PLAINTIFF'S MOTIONS TO COMPEL ARBITRATION; AND (4) DISMISSING CASE WITHOUT LEAVE TO AMEND**